

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DG:JRS
F. #2016R01074

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 26, 2021

By ECF

The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   United States v. Inna Chebanenko
>        Criminal Docket No. 18-51 (S-1) (ENV)

Dear Judge Vitaliano:

The government respectfully submits this letter in connection with the defendant's sentencing, currently scheduled for July 7, 2021.  The government respectfully submits that a sentence within the U.S. Sentencing Guidelines (the "Guidelines") range of 33 to 41 months' imprisonment, would be sufficient, but not greater than necessary, to achieve the goals of sentencing in this case.  In addition, the government respectfully submits that the Court should impose a fine within the Guidelines range of $15,000 to $150,000, restitution in the amount of $62,300 and forfeiture of $8,000.

I.     Background

Between 2013 and 2016, the defendant engaged in a scheme to fraudulently obtain "rebuilt" vehicle titles for salvage vehicles.  See Presentence Investigation Report ("PSR") ¶¶ 4-5.  These vehicles were then sold to unsuspecting customers around the country.

A "salvage" vehicle is a vehicle that an insurance company has taken ownership of because of extensive damage or theft.  A "rebuilt" vehicle is a vehicle that was previously classified as a salvage vehicle but has been rebuilt to road-worthiness in compliance with regulatory standards.  In some states, such as New York, this process involves an in-depth inspection by the Department of Motor Vehicles that can be costly and time consuming.  In other states, the regulatory burden is lower.  In Indiana, for example, all that is required for a vehicle to be classified as "rebuilt" is for a police officer to examine the vehicle and certify that it meets state standards.

The defendant found an even simpler process.  Forgoing any inspection whatsoever, the defendant and her co-conspirators forged certifications by fictious Indiana police officers and used those certifications to obtain rebuilt titles for salvage cars.  PSR ¶ 5.  These cars could then be sold to unsuspecting customers at a significantly higher price with no state oversight.

Apparently realizing that other unscrupulous car dealers might be interested in avoiding regulatory requirements, the defendant offered her service to other dealers around the country.  In exchange for a fee, the defendant engaged in wash transactions with other car dealers under which the other car dealer would transfer ownership of a salvage vehicle to the defendant, the defendant would fraudulently obtain a rebuilt title for the vehicle, and the defendant would then transfer the ownership of the purportedly "rebuilt" vehicle back to the original owner.  These transactions existed only on paper and served no purpose other than to further the fraudulent scheme — because the cars were never actually inspected, the cars themselves did not have to come to Indiana or physically change hands at all.  In many cases, the defendant used her own Indiana car dealership for the wash sales, but she also frequently used other car dealerships owned by other conspirators as straw owners.  PSR ¶ 5.  The defendant engaged in these fraudulent transactions at least hundreds of times.  PSR ¶ 7.[1]

The defendant was arrested for her role in this scheme on January 25, 2018.  On July 2, 2019, the defendant pleaded guilty to the sole count of the superseding indictment, charging wire fraud conspiracy in violation of 18 U.S.C. § 1349.

II.    Sentencing Guidelines

The Guidelines Offense Level calculation, as set forth in the PSR and as stipulated to by the defendant in her plea agreement, is as follows:

| | | |
|---|---|---:|
| Base Offense Level (§ 2B1.1(a)(1)(B)) | | 7 |
| Plus: | Loss More than $250,000 (§ 2B1.1(b)(1)(G)) | +12 |
| Plus: | Ten or More Victims (§ 2B1.1(b)(2)(A)(i)) | +2 |
| Plus: | Sophisticated Means (§ 2B1.1(b)(10)(C)) | +2 |
| Less: | Acceptance of responsibility (§ 3E1.1) | -3 |
| Total: | | 20 |

---

[1]    Law enforcement agents reviewed a sample of approximately 750 files out of a total of approximately 2700 rebuilt title applications submitted by the defendant and her co-conspirators.  Of those 750, law enforcement determined that approximately 90% of them had forged certifications.

2

PSR ¶¶ 25-36.

Based on a Criminal History Category of I, as set forth in the PSR and the plea agreement, the PSR calculation yields a Guidelines imprisonment range of 33 to 41 months. PSR ¶ 61.  In addition, pursuant to U.S.S.G. § 5E1.2(c)(3), the Guidelines range fine is between $15,000 and $150,000.

In her sentencing memorandum (ECF Dkt. No. 157), the defendant challenges application of the sophisticated means enhancement pursuant to U.S.S.G. § 2B1.1(b)(10)(C). As an initial matter, this argument violates the defendant's plea agreement, under which she stipulated to the application of this enhancement.  See Court Ex. 1 ¶ 2.  In any event, the defendant is wrong.  While forging certifications is not in itself sophisticated, the defendant created a black-market business to sell fraudulently obtained titles to other car dealers through, among other things, the use of multiple corporate entities and sham transactions across state lines, thus making the scheme extremely difficult to detect.  That conduct satisfies the Guidelines' requirement of "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense."  U.S.S.G. § 2B1.1 application note 9(B); see also PSR ¶¶ 13, 28.

III.    Argument

The government respectfully submits that a sentence within the Guidelines range of 33 to 41 months' imprisonment, along with a fine within the Guidelines range of $15,000 and $150,000, would be sufficient, but not greater than necessary, to achieve the goals of sentencing in this case.  The government further respectfully submits that the Court should impose restitution in the amount of $62,300 (as set forth in PSR ¶ 70), and forfeiture of $8,000 (as agreed to in the plea agreement).[2]

A Guidelines sentence appropriately takes into account the seriousness of the defendant's conduct.  In addition to defrauding her own customers and assisting others in defrauding customers, the defendant recklessly facilitated the sale of salvage cars without any evaluation by anyone of whether those cars were roadworthy or safe.

While the defendant claims that she believed all repairs were being done correctly, that claim is dubious — as proven at the trial of her co-defendant Tamaz Pasternak, the defendant commonly submitted altered car-parts receipts to the Indiana Bureau of Motor Vehicles as purported evidence that the cars had been rebuilt and commonly submitted the same receipts again and again for different cars.  Such conduct

---

[2]    The forfeiture amount is based on an estimate of a fee of $200 per car charged by the defendant multiplied by the approximately 40 rebuilt titles she is known to have provided to co-defendant Tamaz Pasternak.  Based on the facts set forth herein, it is evident that this is a small fraction of the defendant's total proceeds from the scheme.

would be unnecessary if the defendant believed that the repairs were, in fact, always being done.[3]

Moreover, the defendant has no excuse for her conduct other than greed. While the defendant disclaims committing the "offense to build a lavish lifestyle at the expense of innocent victims" (ECF Dkt. No. 157 at 7), that claim is difficult to square with the facts presented in the PSR. See PSR ¶ 57 (listing among the defendant's assets a $1 million home, a $160,000 Bentley Mulsanne, and almost $20,000 of jewelry).

Accordingly, in this case, the sentencing factors set forth in Title 18, United States Code, Section 3553(a), weigh in favor of a sentence of 33 to 41 months' imprisonment and a fine within the Guidelines range. This range accurately reflects the seriousness of the defendant's offense and will serve to deter other individuals from similarly engaging in such difficult-to-detect conduct. See 18 U.S.C. § 3553(a)(2)(A)-(B). In addition, the Court should order restitution in the amount of $62,300 to compensate identified victims of the defendant's scheme, as well as forfeiture of $8,000 (constituting an estimate of the fees received by the defendant from co-defendant Pasternak).

IV.    Conclusion

For the foregoing reasons, the government respectfully submits that a sentence within the Guidelines range of 33 to 41 months' imprisonment and a fine between $15,000 and $150,000 would be sufficient, but not greater than necessary, to achieve the goals of sentencing in this case. The government further respectfully submits that the Court should

---

[3]    Although the defendant focuses in her sentencing submission on the conduct of Pasternak, whose conduct was especially brazen, the evidence, including records of other wash sales and the sheer number of forged certifications submitted by the defendant, demonstrates that she was providing the same service for numerous other car dealers.

impose restitution in the amount of $62,300 (as set forth in PSR ¶ 70), and forfeiture of $8,000 (as agreed to in the plea agreement).

Respectfully submitted,

JACQUELYN M. KASULIS
Acting United States Attorney

By:    /s/ Jonathan Siegel
Jonathan Siegel
Assistant U.S. Attorney
(718) 254-6293

cc:    Clerk of the Court (ENV) (by ECF)
Gal Pissetzky, Esq. (by ECF and Email)
Alyssa Lopez, United States Probation Officer (by Email)